UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY Z.[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL NO.  2:20cv434 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant.   ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. § 423(d), § 1382c(a)(3).  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental

---

[1]  To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2

2. The claimant has not engaged in substantial gainful activity since November 7, 2018, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairment: complex regional pain syndrome to the left lower extremity. (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with exceptions. Specifically, the claimant is able to lift, carry, push and pull 10 pounds occasionally and up to 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant is never to climb ladders, ropes or scaffolds and never kneel, crouch or crawl, but is occasionally able to climb ramps and stairs, and balance and stoop. He is able to occasionally use foot controls with his left lower extremity. The claimant must be allowed the option to have brief changes of position for 1-2 minutes after every 30-minutes, without being off task, and must be permitted to use a cane to assist with ambulation, but he can use the contralateral upper extremity to lift and carry up to the exertional limit. He is able to understand, remember and carryout simple and routine tasks, and requires a work environment free of fast paced or timed piece rate production work, but is able to meet end of day goals.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 5, 1977 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from November 7, 2018, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 19-28).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on August 19, 2021. On September 29, 2021, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

4

In support of remand, Plaintiff argues that substantial evidence does not support the ALJ's decision that Plaintiff's complex regional pain syndrome (CRPS) did not meet or equal Listing 1.02- Major Dysfunction of a Joint. It is not disputed that a claimant for disability benefits bears the burden of demonstrating that his impairments are included within or medically equivalent in severity to those set forth as presumptively disabling in the Commissioner's regulatory Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. Moreover, in order to meet a Listing, every element of the Listing must be satisfied. *See Sullivan v. Zebley*, 493 U.S. 521 (1990); *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006).

In the present case, the ALJ determined that Plaintiff's impairment did not meet the requirements of Listing 1.02A because, among other things, there was no evidence that his imaging studies demonstrated evidence of joint narrowing, bony destruction, or ankylosis of the affected joint (Tr. 23). *See* 20 C.F.R. Part 404, Subpt. P, App. 1 § 1.02A.

In attempting to demonstrate that his CRPS met or equaled Listing 1.02A, Plaintiff submits a list of summaries from his various office visits. However, as the Commissioner points out, none of these documents demonstrate evidence of joint narrowing, bony destruction, or ankylosis of Plaintiff's left ankle. Rather, nearly all of these entries simply demonstrate Plaintiff's complaints of pain and his symptoms of cold, numbness, swelling, and sensitivity; none of which involve the required elements of Listing 1.02A.

The only diagnostic report Plaintiff cites (an MRI dated December 1, 2018) demonstrates normal bones, muscles, and tendons; no acute fracture; and no joint dislocation (Tr. 350). Additionally, Plaintiff's x-rays all demonstrated no fracture, normal alignment, and normal joints (Tr. 280-285).

5

Plaintiff claims that he "fits the very definition of not being able to ambulate effectively" (Plaintiff's Brief. at 4-5).  However, Plaintiff misapprehends how that phrase is defined in the regulatory listings. An inability to ambulate effectively means "an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities".  20 C.F.R. Part 404, Subpt. P, App. 1 § 1.00B2b(1).

Plaintiff points to evidence demonstrating that he has difficulty with walking and requires a cane for ambulation. Difficulty with walking, however, is not sufficient to meet the regulatory definition of an inability to ambulate effectively. The listings are constructed to reflect impairments so severe that they presumptively preclude an individual from doing any gainful activity, regardless of any consideration of vocational factors. *See* 20 C.F.R. § 404.1525(a). Thus Plaintiff's use of a cane fails to satisfy the regulatory definition, which requires a demonstration of insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. 20 C.F.R. Part 404, Subpt. P, App. 1 § 1.00B2b(1).

Plaintiff also contends that the ALJ failed to consider his need to use a cane and elevate his left lower extremity. However, it is clear that the ALJ included both of these non-exertional limitations in her determination of Plaintiff's RFC and in her hypothetical to the vocational expert (Tr. 23, 84). Specifically, the ALJ indicated that Plaintiff must be permitted to use a cane to assist with ambulation and must be allowed the option to have brief

6

changes of position for one to two minutes after every thirty minutes (*Id.*). Additionally, in response to Plaintiff's counsel's question, the vocational expert testified that an individual's need to elevate one leg off the ground while sitting would not impact that individual's employability in the positions cited by the vocational expert (Tr. 88).

As substantial evidence supports the ALJ's decision, remand is not warranted and the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby AFFIRMED.

Entered: October 28, 2021.

> s/ William C. Lee
> William C. Lee, Judge
> United States District Court